# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DANIEL MONTES, JR. AND ELIZABETH H. HUDSON <br><br> V. <br><br> MAIN BUILDING MAINTENANCE, INC., JXM, INC., ROBERT A. XIMENES, ELVIRA H. XIMENES, AND MARGAUX I. XIMENES | § § § § § § § § § § § § | CIVIL ACTION NO. SA-16-CA-523-FB |

## ORIGINAL ANSWER OF MAIN BUILDING MAINTENANCE, INC., JXM, INC., ROBERT A. XIMENES, ELVIRA H. XIMENES, AND MARGUAX I. XIMENES

TO THE HONORABLE JUDGE OF SAID COURT:

Main Building Maintenance, Inc. ("MBM"), JXM, INC. ("JXM"), Robert A. Ximenes ("Robert Ximenes"), Elvira H. Ximenes ("Elvira Ximenes"), and Margaux I. Ximenes ("Margaux Ximenes"), collectively referred to herein as "Defendants", file this their Answer to the claims, complaints, and causes of action asserted against them by the United States of America ("USA") ex rel., Daniel Montes, Jr. ("Montes") and Elizabeth H. Hudson ("Hudson"), collectively referred to herein as "Realtors", stating:

1. Defendants assert and request that, following presentation of the evidence in this lawsuit, the Court find that the claims, complaints, and causes of action asserted against them by Realtors in this lawsuit are clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment and that this action and a continuation of the frivolous, vexatious, and harassing litigation that Realtors have previously brought against Robert Ximenes, Elvira Ximenes, and others. In support thereof, Defendants would show the Court that, on October 16, 2015, the

United States District Court for the Western District of Texas, Austin Division, entered an Order dismissing the "Interveanors [sic] Notice of Removal" filed by Montes. A true and complete copy of the Order signed and entered by the United States District Court (the "10/16/15 Order") is attached as Exhibit "A" and incorporated herein by reference as if set out in its entirety. In the 10/16/15 Order, the United States District Court noted that Montes sought to remove Cause No. 14-0132-P, *In Re the Estate of Ricardo Perez, Deceased*, filed in the Hays County Probate Court, and three (3) mandamus actions filed in the Texas Court of Appeals, Third District, at Austin. The United States District Court noted that Montes had previously been adjudicated by the state appellate courts as a "vexatious litigant" and was required and had failed to obtain permission from the local administrative judge before filing any lawsuit in the States of Texas. A true and complete copy of the Memorandum Opinion issued by the Texas Court of Appeals, Third District, at Austin is attached as Exhibit "B" and incorporated herein by reference as if set out in its entirety. The United States District Court noted that Montes was seeking contempt of court orders against Elvira H. Ximenes, the Executrix of the Estate of Ricardo Perez Hernandez, her attorney, Ronald James Shaw, and the Honorable Robert E. Upgrove, the Hays County Probate Judge. In addition to dismissing Montes' Motion for Contempt and Sanctions the United States District Court entered the following Orders:

> IT IS FURTHER ORDERED Daniel Montes shall not file any lawsuit in the Austin Division of the Western District of Texas without permission of a United States District Judge sitting in the Western District of Texas or the United States Court of Appeals for the Fifth Circuit.
>
> IT IS ORDERED and ADJUDGED that Elvira Ximenes, the Executrix of the Estate of Ricardo Perez Hernandez, do have and recover judgment against Daniel Montes in the sum of ONE THOUSAND AND NO/100 DOLLARS ($1,000.00) in costs and attorneys' fees required for these irresponsible and frivolous pleadings

2

> intending to seek to delay a final disposition on the merits in three different jurisdictions and abusing the processes of the Courts.

The Judgment against Montes remains unsatisfied. Further, Prior to asserting their claims, complaints, and causes of action in this lawsuit, Realtor, Montes intervened in Cause No. 14-0132-P, *In Re the Estate of Ricardo Perez, Deceased*. A true and complete copy of the Order signed and entered by the Hays County Probate Court on July 28, 2015 (the "07/28/15 Order"), is attached as Exhibit "C" and incorporated herein by reference as if set out in its entirety. The 07/28/15 Order lists the twenty (20) pleadings that Montes filed in Cause No. 14-0132-P. Additionally, in the 07/28/15 Order, the Hays County Probate Court granted Elvira Ximenes, the Executrix of the Estate of Ricardo Perez and one of the Defendants in this lawsuit, a Judgment against Montes in the amount of $11,750.00, Court costs of $533.00, and post judgment interest of five percent (5.0%) per annum from the date of Judgment until paid. That Judgment remains unsatisfied. During the pendency of Cause No. 14-0132-P. Montes filed the following four (4) lawsuits in Justice Court, Precinct 1, Place 1:

> A. Case No. S15-010JII; *Daniel Montes vs. Robert A. Ximenes and Elvira Hernandez Ximenes.*
>
> B. Case No. S15-010JII; *Daniel Montes vs. Liza Mastellar and Henry Mastellar*
>
> C. Case No. S15-010JII; *Daniel Montes vs. Jose Manuel and Norma Elizondo Hernando Hernandez.*
>
> D. Case No. S15-010JII; *Daniel Montes vs. Raul Daniel Ortiz and Mirthala Hernandez Ortiz.*

All of the Defendants in the Justice Court cases are either siblings of Realtor, Elizabeth [Hernandez] Hudson, or their respective spouses. Realtor, Elizabeth H. Hernandez, is Montes' mother and Montes is first cousin to her siblings that he sued in the Justice Court Cases. On

3

September 4, 2015, an Order To Dismiss Pursuant to Section 111035(B) of the Texas Civil Practice and Remedies Code was filed in each of the Justice Court Cases (the "Justice Court Orders"). A true and complete copy of each of the four (4) Justice Court Orders are attached as Exhibit "D" and incorporated herein by reference as if set out in its entirety. The four (4) Justice Court Orders are identical. In all of the Justice Court Orders, the Court found that Montes, who had been previously adjudicated a vexatious litigant and Ordered to obtain an Order from the appropriate local administrative judge before filing further litigation, had violated that Order. Finally, Defendants would point out to the Court that on October 22, 2003, Realtors, Hudson and Montes, were adjudicated as vexatious litigants in Cause No. 9634-P; *In Re Estate of Miguel Alonso Hernandez, Deceased*, filed in the Hays County Probate Court; that on March 31, 2005, Montes was adjudicated a vexatious litigant in Cause No. 141-206562-04; *Daniel Montes, Jr. D/B/A Contract Builders vs. Laura C. Waechter in her official capacities and County of Tarrant as surety for Laura C. Waechter, Jointly and Individually*, filed in the 141st District Court, Tarrant County, Texas; and that on March 24, 2008, Montes was adjudicated a vexatious litigant, in Cause No. 08-00304-C; *Daniel Montes, Jr. v. Jeffrey P. Ransom, Demarqus F. Black, Willie Faye Washington, and David Bonner*, filed in the 68th District Court, Dallas County, Texas. In the latter case, Montes was Ordered to post a bond in the amount of $2,500.00. Montes never posted the bond. A true and complete copy of each of the foregoing three (3) Orders are attached as Exhibit "E" and incorporated herein by reference as if set out in its entirety. Realtors, Hudson and Montes, have violated every Order adjudicating them as vexatious litigants.

2. Based on the foregoing and Defendants' defenses, pursuant to 31 U.S.C. §3730(d)(4), Defendants assert and request that the Court find that the Realtors' claims against

4

them are clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment. Since the Government is not proceeding with the action and the Realtors bringing the action are conducting the actions, Defendants are seeking to recover their reasonable attorney fees and expenses from Realtors, jointly and severally, if they prevail in this lawsuit.

3. Paragraph No. 1. Admit part and Deny in part. Admit that "The Small Business Administration's Section 8(a) program is an important program for small businesses - particularly those that qualify for one or more disadvantaged business status. It was created to help such businesses gain access to federal and private procurement contracts." Deny remainder of paragraph.

4. Paragraph No. 2. Admit in part and Deny in part. Admit first sentence. Deny remainder of paragraph.

5. Paragraph No. 3. Deny.

6. Paragraph No. 4. Deny.

7. Paragraph No. 5. Admit that "Margaux Ximenes has never had authority over Main Building Maintenance". Deny remainder of paragraph.

8. Paragraph No. 6. Defendants lack sufficient knowledge and information regarding where Montes resides to admit or deny the first sentence of this paragraph. Admit remainder of paragraph.

9. Paragraph No. 7. Admit.

10. Paragraph No. 8. Admit in part and Deny in part. Admit first sentence. Admit that Robert Ximenes is an owner of MBM. Deny that Robert Ximenes is "the owner" of MBM. Deny remainder of paragraph.

5

11. Paragraph No. 9. Admit in part and Deny in part. Admit first sentence. Admit that Elvira Ximenes is an officer of MBM. Deny that Elvira Ximenes is an officer of RT Military Ventures, Inc. Deny remainder of paragraph.

12. Paragraph No. 10. Admit.

13. Paragraph No. 11. Admit.

14. Paragraph No. 12. Admit in part and Deny in part. Admit first sentence. Deny remainder of paragraph.

15. Paragraph No. 13. Admit.

16. Paragraph No. 14. Admit.

17. Paragraph No. 15. Admit in part and Deny in Part. Admit that venue is proper in this Court pursuant to 31 U.S.C. § 3732(a) as to MBM, JXM, Robert Ximenes, Elvira Ximenes, and Margaux Ximenes. Deny that venue is proper pursuant to 31 U.S.C. §3732(a) as to "John Ximenes", "L5" and "RT Military" because they are not Defendants in this lawsuit. Deny that venue is proper pursuant to 31 U.S.C. § 3732(a) "because the work performed by Garreth Shaw and Ronald Shaw for such companies was performed in this district." Defendants lack sufficient information or knowledge to admit or deny the allegations referring to "work for or control such companies" because the allegations lack specificity and are vague and ambiguous.

18. Paragraph No. 16. Defendants lack sufficient knowledge or information to admit or deny the basis for Realtors awareness of any public disclosure of the information or allegations that are the basis of their complains in this lawsuit. Realtors have never been employees, contractors, vendors or suppliers of MBM or JXM, therefore, Defendants deny that Realtors are the original source of the information and allegations contained in their complaint.

6

Defendants assert that the Realtors' claims are based on mere speculation and self serving interpretations of documents available to the general public on the Internet and are not based on independent knowledge that materially adds to the publicly disclosed information.

19. Paragraph No. 17.    Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

20. Paragraph No. 18.    Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

21. Paragraph No. 19.    Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

22. Paragraph No. 20.    Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

23. Paragraph No. 21.    Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

24. Paragraph No. 22.    Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

25. Paragraph No. 23. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

26. Paragraph No. 24. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

27. Paragraph No. 25. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

28. Paragraph No. 26. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

29. Paragraph No. 27. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

30. Paragraph No. 28. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

31. Paragraph No. 29. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

32. Paragraph No. 30. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

33. Paragraph No. 31. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

34. Paragraph No. 32. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

35. Paragraph No. 33. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

36. Paragraph No. 34. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

37. Paragraph No. 35. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

38. Paragraph No. 36. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

39. Paragraph No. 37. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

40. Paragraph No. 38. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

41. Paragraph No. 39. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

42. Paragraph No. 40. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

43. Paragraph No. 41. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

44. Paragraph No. 42. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

45. Paragraph No. 43. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

46. Paragraph No. 44. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

47. Paragraph No. 45. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

48. Paragraph No. 46. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

49. Paragraph No. 47. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

50. Paragraph No. 48. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

51. Paragraph No. 49. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

52. Paragraph No. 50. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

11

53. Paragraph No. 51. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

54. Paragraph No. 52. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

55. Paragraph No. 53. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

56. Paragraph No. 54. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

57. Paragraph No. 55. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

58. Paragraph No. 56. Deny in part. To the extent that this paragraph merely cites various provisions of Federal law, no answer is required. Deny that Defendants breached the cited statutes.

59. Paragraph No. 57. Admit

60. Paragraph No. 58. Admit in part and Deny in part. Admit that MBM, owned by Robert Ximenes and Elvira Ximenes, participated in the SBA Section 8(a) Program, including small business set-asides, 8(a) restricted procurements, and sole source awards. Deny that they

enjoyed "enormous advantages". Deny the last sentence of this paragraph.

61.  Paragraph No. 59.  Admit in part and Deny in part. Deny that: "Upon graduating from the Section 8(a) program, Robert and Elvira Ximenes continued to aver their eligibility for the advantages the program afforded them through false certifications to the SBA. They turned to JXM, a company incorporated by Robert Ximenes, on December 19, 1994 in San Antonio, Texas." Admit that JXM was incorporated in San Antonio, Texas, on December 19, 1994. Deny the remainder of the second sentence. Admit that Robert Ximenes was a director of JXM BUT NOT THE ONLY DIRECTOR when it was incorporated. Admit that Margaux Ximenes the daughter of Robert Ximenes and Elvira Ximenes. Admit Margaux Ximenes became the president of JXM prior to May 2001. Admit that JXM was certified by the SBA for the Section 8(a) Program and as a Small Disadvantaged Business on May 23, 2001.

62.  Paragraph No. 60.  Deny.

63.  Paragraph No. 61.  Admit in part and Deny in part. Admit that the application for Section 8(a) Program requires disclosure of whether JXM or any principal of JXM previously applied for 8(a) or Small Disadvantaged Business Certification. Deny remainder of paragraph.

64.  Paragraph No. 62.  Admit in part and in Deny part. Admit that Robert Ximenes and Elvira Ximenes ran the day to day operations of MBM. Deny remainder of paragraph.

65.  Paragraph No. 63.  Admit in part and in Deny part. Admit that Margaux Ximenes was one of the socially and economically disadvantaged individuals upon which JXM's Section 8(a) eligibility was based. Deny the remainder of paragraph.

66.  Paragraph No. 64.  Admit in part and Deny in part. Deny first sentence. Admit second sentence to the extent that it characterizes the joint venture provisions of the Section 8(a)

13

Program, but deny that Defendants violated any provision related to joint ventures, or any other provision of Section 8(a) program.

67. Paragraph No. 65.   Deny.

68. Paragraph No. 66.   Admit in part and Deny in part. Admit first sentence. Deny second sentence. Admit that RT Military Ventures, Inc. was incorporated on September 5, 2008. Deny remainder of paragraph.

69. Paragraph No. 67.   Admit in part and Deny in part. Admit that RT Military was never certified by the SBA for any special status. Deny remainder of paragraph.

70. Paragraph No. 68.   Deny.

71. Paragraph No. 69.   Admit in part and Deny in part. Admit MBM was HUBZone certified. Admit that JXM was HUBZone certified. Deny remainder of the paragraph.

72. Paragraph No. 70.   Admit in part and Deny in part. Admit that Robert Ximenes, Elvira Ximenes, and Margaux Ximenes did not reside within a HUBZone. Admit last sentence. Deny remainder of paragraph.

73. Paragraph No. 71.   Deny.

74. Paragraph No. 72.   Deny.

75. Paragraph No. 73.   Deny.

76. Paragraph No. 74.   Deny.

77. Paragraph No. 75.   Deny.

78. Paragraph No. 76.   Deny.

79. Paragraph No. 77.   Deny.

80. Paragraph No. 78.   Deny.

14

81. Paragraph No. 79. Defendants incorporate their answers to the preceding paragraphs.

82. Paragraph No. 80. Deny.

83. Paragraph No. 81. Deny.

84. Paragraph No. 82. Deny.

85. Paragraph No. 83. Deny.

86. Paragraph No. 84. Deny.

87. Paragraph No. 85. Defendants incorporate their answers to the preceding paragraphs.

88. Paragraph No. 86. Deny.

89. Paragraph No. 87. Deny.

90. Paragraph No. 88. Deny.

91. Paragraph No. 89. Deny.

92. Paragraph No. 90. Defendants incorporate their answers to the preceding paragraphs.

93. Paragraph No. 91. Deny.

94. Paragraph No. 92. Deny.

95. Paragraph No. 93. Deny.

96. Paragraph No. 94. The first sentence merely states Realtor's characterization of SBA procedure which requires no response from Defendants. Deny second sentence.

97. Paragraph No. 95. Deny.

15

## AFFIRMATIVE DEFENSES

98. For further Answer, pursuant to F.R.C.P. Rule 8, Defendants assert that the Realtors' claims are based on mere speculation and self serving interpretations of documents available to the general public on the Internet and are not based on independent knowledge that materially adds to the publicly disclosed information.

99. For further Answer, Defendants assert and will prove that, pursuant to 31 U.S.C. §3731(b)(1) and (2), all or part of Realtors' claims, complaints, and causes of action are barred by limitations because they are brought (1) more than six (6) years after the date on which the alleged violation of 31 U.S.C. §3729 is committed, or (2) more than three (3) years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than ten (10) years after the date on which the violation occurred.

100. Pursuant to 31 U.S.C. §3731(d), Defendants demand that Realtors be required to prove all essential elements of the causes of action asserted, including damages, by a preponderance of the evidence.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that, after trial or final hearing, this Court enter a Judgment that Realtors take nothing and that Defendants have Judgment against Realtors, jointly and severally, for their reasonable attorney fees, costs and expenses, in defending this proceeding including additional attorney fees if an appeal occurs, and such other relief to which they show themselves entitled at law or in equity.

16

Respectfully submitted,

SHAW LAW PLLC
5150 Broadway, Unit 619
San Antonio, Texas 78209

Tel.: (210) 227-3737
Fax: (210) 366-0805
E-mail: attorney@shawlawpllc.com

By: *Ronald J. Shaw*
Ronald J. Shaw
SBN 18152300

GLENN J. DEADMAN, P.C.
1515 N. St. Mary's Street
San Antonio, Texas 78215

Tel.: (210) 472-3900
Fax: (210) 472-3901
E-mail: glenn@deadmansalaw.com

By: _____
Glenn J. Deadman
SBN 00785559

Attorneys for Main Building Maintenance, Inc.,
JXM, Inc., Elvira H. Ximenes, Robert A. Ximenes,
and Margaux I. Ximenes

17

CERTIFICATE OF SERVICE

I certify that on September 16, 2019, a true and complete copy of this pleading was served on Unites States of America ex rel., by and through its attorneys, Sean Bryan O'Connell by e-service and/or e-mail to sean.o'connell@usdoj.gov and Thomas Arthur Parnham by e-service and/or e-mail to thomas.parnham@usdoj.gov; and to Daniel Montes, Jr. and Elizabeth H. Hudson, Realtors, by and through their attorneys, Caitlyn E. Silhan by e-service and/or e-mail to csilhan@waterskraus.com, Charles S. Siegel by e-service and/or e-mail to siegel@waterskraus.com; Ketan Upendra Kharod by e-service and/or e-mail to kkharod@waterskrause,com; ketan@kharodlawfirm.com; Thomas M. Greene by e-service and/or e-mail to tgreene@greenellp.com; Michael Tabb by e-service and/or e-mail to matabb@greenellp.com; Ryan P. Morrison by e-service and/or e-mail to rmorrison@greenellp.com; and Tucker D. Greene, by e-service and/or e-mail to tucker.greene@greenellp.com.

*Ronald J. Shaw*
Ronald J. Shaw

18