# **EXHIBIT B**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES of AMERICA ex rel. DANIEL MONTES, JR. and ELIZABETH H. HUDSON,**<br><br>Plaintiff–Relators,<br><br>v.<br><br>**MAIN BUILDING MAINTENANCE, INC.; JXM, INC.; ROBERT A. XIMENES; ELVIRA H. XIMENES; and MARGAUX I. XIMENES,**<br><br>Defendants | Civil Action No.:<br>5-16-CV-00523-JKP-RBF |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN PURSUANT TO RULE 26(f) AND THIS COURT'S ORDER OF OCTOBER 4, 2019**

On October 4, 2019, this Court issued an order (Document #47) requiring the parties to submit this Joint Discovery/Case Management Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, with designated topics. The parties conferred as required by telephone on October 17, 2019, and have agreed on all matters addressed below except as explicitly marked, as well as the agreed scheduling recommendations attached hereto as Exhibit A.

1. The basis for subject matter jurisdiction in this case is federal question jurisdiction pursuant to 28 U.S.C. § 1331, as it arises out of the laws of the United States, and in particular 31 U.S.C. § 3732(a), which specifically confers jurisdiction upon the United States District Court for claims brought under 31 U.S.C. § 3730. There are no outstanding jurisdictional issues known to the parties.

2. There are no unserved parties.

3. With respect to causes of action, defenses and counterclaims:

    a. [**Plaintiff-Relators**]: the cause of action in this case brought under the False Claims Act (31 U.S.C. § 3729 *et seq.*, "FCA") is the FCA's qui tam provision, 31 U.S.C. § 3730(b), which provides that persons may bring a civil action for a violation of section 3729 for the person and for the United States Government, "brought in the name of the Government." The Plaintiff-Relators have brought this action for violations of 31 U.S.C. § 3729(a)(1)(A) ("presentment of false claims") and 31 U.S.C. § 3729(a)(1)(B) ("false statements"). To prove presentment of false claims violations, Plaintiff-Relators must show that Defendants knowingly presented, or caused to be presented, a false or fraudulent claim for payment or approval. To prove false statements violations, Plaintiff-Relators must show that Defendants knowingly made, used, or caused to be made or used a false record or statement material to a false or fraudulent claim.

    b. [**Defendants**]: Defendants assert the public disclosure defense as well as statute of limitations. <u>Public Disclosure</u>. The FCA states that a qui tam suit is barred, "unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed — (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation;

or (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). The Fifth Circuit has adopted a three-part test for applying the public disclosure bar: "(1) whether there has been a 'public disclosure' of allegations or transactions, (2) whether the qui tam action is 'based upon' such publicly disclosed allegations, and (3) if so, whether the relator is the 'original source' of the information." *U.S. ex rel. Colquitt v. Abbott Labs.*, 864 F. Supp. 2d 499, 517 (N.D. Tex. 2012), *aff'd sub nom. United States ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365 (5th Cir. 2017). Statute of limitations. The statute of limitations for suits brought under the False Claims Act is the later of: (i) six years from the date of the violation; or (ii) three years from when the federal government official knew or should have known the facts giving rise to the violation. 31 U.S.C. § 3730(b).[1]  Regardless of the when the violation was discovered, the Act has a ten-year statute of repose. *Id*. Defendants also request an award of their attorney's fees pursuant to 31 U.S.C. § 3730(d)(4).

4. The parties do not believe that there are agreements or stipulations that can be made about any facts in the case or elements in the causes of action at this time, but they intend to revisit this matter after some preliminary discovery is complete. In particular, there may be facts regarding the contracts at issue that are appropriate for stipulation.

---

[1] The United States Supreme Court recently clarified that when the government declines to intervene into a qui tam suit, such as here, the three-year discovery rule still applies. *See Cochise Consultancy, Inc. v. United States ex rel. Hunt,* 139 S. Ct. 1507, 1510 (2019).

3

5. With respect to the subjects identified in Rule 26(f)(3):

   a. The parties believe that the initial disclosure requirements of Rule 26(a) of the Federal Rules of Civil Procedure are appropriate in this matter, except that they have agreed to delay the exchange of initial disclosures from October 31, 2019, when they would be due according to Rule 26(a)(1)(C), to November 14, 2019, due to existing commitments.

   b. As reflected in the agreed scheduling recommendations attached hereto as Exhibit A, the parties agree that certain initial discovery is appropriate before the remainder of discovery, although the use of formal phases is not necessary. They agree that discovery should be completed by February 8, 2021, fifteen months after the November 8, 2019 scheduling conference, taking into account certain initial discovery and the desire to conduct expert discovery after most discovery is complete, but before the deadline for fact discovery. As to the subject matter for discovery:

      i. [**Plaintiff-Relators**] the subject matter for discovery consists first of the statements made by Defendants to the Small Business Administration ("SBA"), about the names and residences of the employees of Main Building Maintenance, Inc. and JXM, Inc., and about the government contracts premised on statements to the SBA and directly to awarding federal agencies. After this initial discovery is complete, the other subject matter for discovery consists of the truthfulness of the representations made by Defendants to the SBA with respect to control

4

of the Defendant companies, the relationship of the Defendant companies, and the size of the Defendant companies, and the truthfulness of the representations made by Defendants to other federal agencies with respect to eligibility for the HUBZone program, their compliance with SBA requirements, and the size of the Defendant companies.

  ii. [**Defendants**] The subject matter for discovery will include: (i) whether Defendants knowingly presented, or causes to be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval; (ii) whether Defendants knowingly made, used, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (iii) whether Defendants conspired to defraud the Government by getting a false or fraudulent claim allowed or paid; (iv) the amount of damages, if any, sustained by the Government as a result of Defendants' alleged conduct; (v) whether there has been a public disclosure of Plaintiffs' allegations or alleged transactions; (vi) whether Plaintiffs' action is based upon such publicly disclosure; (vii) if so, whether Plaintiffs are the original source of the information; (viii) the date that each alleged violation occurred; (ix) the date when the federal government knew or should have known of each alleged violation; and

   (x) whether Plaintiffs' actions is clearly frivolous, clearly vexatious, or brought primarily for the purpose of harassment.

c. At present, the parties are not aware of any issues about disclosure, discovery, or preservation of electronically stored information.

d. The parties seek entry of a confidentiality and protective order as set out in Appendix H to the Local Rules of this Court, captioned for this case and attached hereto as Exhibit B. As set forth in item 7 below, the parties also anticipate a privilege dispute over whether the Defendants can discover communications between Relators and the government, and documents exchanged between them, regarding this matter.

e. The parties agree that the discovery limits imposed by Rule 26(f) and Local Rule CV-36 are appropriate in this case, except that Plaintiff-Relators seek to enlarge the number of allowed depositions from 10 to 13. At present, Plaintiff-Relators are aware of 10 depositions that they wish to take, and should Defendants' initial disclosures identify any other persons that should be deposed, Plaintiff-Relators would like to be able to do so without further motion practice. Defendants oppose this modification, and they suggest that any party seeking to take more than 10 depositions be required to seek leave of court under Fed. R. Civ. P. 30(a)(2)(A)(i).

f. At this time, the parties are not aware of any other order that should be entered under Rule 26(c) or Rule 16(b) or (c).

6. Discovery has not yet begun in this matter. The parties have discussed the general concept that fact discovery will occur before expert discovery, but that some time should remain in the discovery period following expert disclosures to the extent that such disclosures warrant additional fact discovery. The parties' proposed discovery plan below is based in part on these discussions.

7. The parties anticipate a discovery dispute over the Plaintiff-Relators' formal disclosure served on the United States pursuant to 31 U.S.C. § 3730(b)(2). Plaintiff-Relators maintain that the disclosure is protected by work product and joint prosecution protections, and Defendants maintain that it is not. Likewise, the parties also anticipate a privilege dispute over whether the Defendants can discover communications between Relators and the government, and documents exchanged between them, regarding this matter.

8. The parties do not request any order pursuant to Federal Rule of Evidence 502.

9. The parties agree that mediation is not appropriate at this time, but they will revisit this issue once certain initial discovery is completed or substantially completed by the parties.


Dated: October 28, 2019                             Respectfully submitted by:


*For Plaintiff-Relators Daniel Montes Jr. and*      *For Defendants JXM, Inc. and Margaux I.*
*Elizabeth H. Hudson:*                              *Ximenes:*

7

| | |
|---|---|
| */s/ Michael Tabb* | */s/ Caroline N. Small* |
| Thomas M. Greene | Caroline N. Small |
| Mass. BBO # 210020 *pro hac vice* | Texas State Bar No. 24056037 |
| tgreene@greenellp.com | csmall@dslawpc.com |
| Michael Tabb | Jason M. Davis |
| Mass. BBO # 491310 *pro hac vice* | Texas State Bar No. 00793592 |
| matabb@greenellp.com | jdavis@dslawpc.com |
| Ryan P. Morrison | Jay Hulings |
| Mass. BBO # 680238 *pro hac vice* | Texas State Bar No. 24104573 |
| rmorrison@greenellp.com | jhulings@dslawpc.com |
| Tucker D. Greene | Davis & Santos, P.C. |
| Mass. BBO # 682943 *pro hac vice* | 719 S. Flores Street |
| tucker.greene@greenellp.com | San Antonio, TX 78204 |
| Greene LLP | (210) 853-5882 (Telephone) |
| One Liberty Square, Suite 1200 | (210) 200-8395 (Facsimile) |
| Boston, MA 02109 | |
| (617) 261-0040 (Telephone) | |
| (617) 507-6559 (Facsimile) | |

Charles S. Siegel
Texas State Bar No. 18341875
siegel@waterskraus.com
Caitlyn E. Silhan
Texas State Bar No. 24072879
csilhan@waterskraus.com
Waters & Kraus, LLP
3219 McKinney Avenue
Dallas, TX 75204
(214) 357-6244 (Telephone)
(214) 871-2263 (Facsimile)

*For Defendants Main Building Maintenance, Inc., Robert A Ximenes, and Elvira H. Ximenes:*

*/s/ Ronald J. Shaw*

Ronald J. Shaw
Texas State Bar No. 18152300
attorney@shawlawpllc.com
Shaw Law PLLC
5150 Broadway, Unit 619
San Antonio, TX 78209
(210) 227-3737 (Telephone)
(210) 366-0805 (Facsimile)

Glenn J. Deadman
Texas State Bar No. 00785559
glenn@deadmansalaw.com
Glenn J. Deadman, P.C.
1515 St. Mary's Street
San Antonio, TX 78215
(210) 472-3900 (Telephone)
(210) 472-3901 (Facsimile)

8

## CERTIFICATE OF SERVICE

I hereby certify that, on October 28, 2019 this document (filed through the ECF system) was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: October 28, 2019             */s/ Michael Tabb*
                                    Michael Tabb