IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* DANIEL MONTES, JR. and | § | |
| ELIZABETH H. HUDSON, | § | |
| | § | |
| **Plaintiffs-Relators,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-00523-JKP |
| | § | |
| MAIN BUILDING MAINTENANCE, | § | |
| INC., JXM, INC., ROBERT A. | § | |
| XIMENES, ELVIRA H. XIMENES, | § | |
| and MARGAUX I. XIMENES, | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' REPLY TO RELATORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE COURT:

Defendants Main Building Maintenance, Inc. ("**MBM**"), JXM, Inc. ("**JXM**"), Robert A. Ximenes, Elvira H. Ximenes, and Margaux I. Ximenes (collectively, "**Defendants**") file this Reply to the Opposition by Relators to Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (the "**Motion**") and would respectfully show the following:

## I. INTRODUCTION

1.       Through the Motion, Defendants cite to several cases, for example, *United States ex rel. Guzder v. MKM Engineers, Inc.*, No. H-05-895, 2009 WL 10697670 (S.D. Tex. Mar. 3, 2009) ("***Guzder I***"), to support their argument that Relators fail to plead any viable causes of action for purposes of the False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "**FCA**") based on a "false certification" theory.  ECF No. 57 pgs. 6-9.  In this regard, *Guzder I* holds that "false

claims" under the FCA do not include making false representations to the Small Business Administration (the "**<u>SBA</u>**") to establish eligibility for its programs and then being paid by separate governmental entities for services actually rendered under contracts procured with those governmental entities based on SBA program eligibility.  *See Guzder I*, 2009 WL 10697670 at *7, 9.  Alternatively, Defendants establish that Relators fail to plead their fraud claims with the specificity required by Rule 9(b).  ECF No. 57 pgs. 10-13.  Based on these pleading-related failures, Defendants' Motion requests that Relators' claims be dismissed with prejudice, in part, because all indications are that their "best case" has already been pleaded.  *Id.* pgs. 13-15.

2.      The Opposition raises four main arguments.  First, Relators contend—for the first time—that their claims are based on a "fraudulent inducement" theory, relying on a subsequent opinion issued by the *Guzder I* court, *United States ex rel. Guzder v. MKM Engineers, Inc.*, No. H-05-895, 2009 WL 10697658 (S.D. Tex. May 1, 2009) ("***<u>Guzder II</u>***").  *See* ECF No. 62 pgs. 1-2, 7-10.  Contrary to Relators' suggestion, *Guzder II* did not overrule *Guzder I* but merely acknowledged a fraudulent inducement theory (not pleaded by Relators here) that applies "when a defendant's claims for payment might be accurate but antecedent fraud occurred in obtaining the government contract[.]"  *Id.* pg. 9.

3.      Second, Relators assert that Defendants waived any Rule 9(b) objections by failing to raise them through their answer.  *See id.* pgs. 11-12.

4.      Third, Relators assert that they have otherwise pleaded their fraud-based claims consistent with the Rule 9(b) standards applicable to FCA cases.  *See id.* pgs. 13-18.

5.      Fourth, Relators assert that any dismissal of their claims should be without prejudice to re-pleading.  *See id.* pgs. 19-20.

6.     For reasons discussed below, Relators' arguments are meritless, and the Motion should be granted.

## II.  ANALYSIS & ARGUMENT

### A.  Relators failed to properly plead an FCA claim under either a false certification or fraudulent inducement theory

7.     Two potential FCA theories are implicated here: false certification and fraudulent inducement.  As explained in Defendants' Motion and again below, *Guzder I* forecloses Relators' attempt at a false certification theory.  Relators have also failed to plead their newly-invoked theory of "fraudulent inducement"—the only theory that would potentially give rise to any actionable FCA claims based on Relators' factual allegations.

8.     False certification comes in two sub-types, either express or implied.  "While an express false certification theory of FCA liability is predicated upon outright misrepresentations made to the Government on an invoice or other claim for payment, the implied false certification theory targets fraudulent omissions from such claims."  *United States ex rel. Campbell v. KIC Development, LLC*, No. EP-18-CV-193-KC, 2019 WL 6884485, at *7 (W.D. Tex. Dec. 10, 2019) (citing *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1999 (2016)).  For a fraudulent course of conduct to be actionable as an implied false certification, two requirements must be met: (i) the claim submitted to the United States must not merely request payment but also make specific representations about the goods or services provided; and (ii) failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths.  *Id.* (citing *Escobar*, 136 S. Ct. at 2001).

9.     On the other hand, "unlike express or implied false certification theories, which are grounded in fraudulent misrepresentations or omissions in the invoices or claims themselves,

the fraudulent inducement theory is predicated upon misrepresentations made in the underlying bids, applications, or contracts on which claims are later made." *Id.* at *9 (citing *United States ex rel. Longhi v. United States*, 575 F.3d 458, 468 (5th Cir. 2009)).  When a claim for payment is made on a contract procured by fraud, that claim is actionable under the FCA, although not literally false, because it derived from the original fraudulent misrepresentation.  *Id.* (citing *Longhi*, 575 F.3d at 468).

10.     Here, Relators do not disclaim in the Opposition that their causes of action are in fact based on an implied false certification theory.  Indeed, Relators refer to "certifications" and the like multiple times through the *Original Complaint*.  *See, e.g.*, ECF No. 1 pg. 25 ("From at least October 2007 to the present, Defendants have made thousands of false statements to government agencies in the form of false certifications of Section 8(a) Program and HUBZone Program eligibility.").  Those causes of action should be dismissed under *Guzder I*, which remains good law and which Relators do not contest.

11.     As discussed through the Motion, *Guzder I* establishes that "'false claims' do not include making false representations to the SBA to establish eligibility under [the Section 8(a) Minority Set-Aside program] and then submitting invoices for services rendered [to other government agencies] under improperly procured contracts."  *See Guzder I*, 2009 10697686 at *7.  Here, based on a *Guzder I* analysis of false certification theory, "even if Defendants did commit fraud when they accepted contracts through the SBA [program], that fraud [did] not go to the government's obligation to pay for work actually performed under those agreements."  *Id.* at *9.  Under such a course of conduct, the requirements for a false certification have not been met.  Insofar as requests for payment were made to government agencies, no false

representations—whether express or implied—were made regarding the services themselves. *See Campbell*, 2019 WL 6884485 at *7.

12.    To be clear, the Opposition represents the first time that Relators invoke fraudulent inducement as the theory of their case under *Guzder II*.  Nowhere is the term included in the *Original Complaint* and nowhere is the theory clearly pleaded.  Whether under *Guzder I* or *Guzder II*, it is not enough for Relators to plead that Defendants made false statements to be admitted into the SBA programs in question.  Such allegations—which Defendants deny—are not actionable in and of themselves insofar as the FCA requires a ***claim for payment***.  *See* 31 U.S.C. § 3729(a)(1)(A), (B); *see also United States ex rel. Sullivan v. Atrium Med. Corp.*, No. SA-13-CA-244-OLG, 2015 WL 13799759, at *8 (W.D. Tex. June 15, 2015) ("Liability under the FCA attaches to the claim for payment, not to the underlying fraudulent activity.").  Indeed, as the Supreme Court has recognized, "the [FCA] was not designed to reach every kind of fraud practiced on the Government."  *United States v. McNinch*, 356 U.S. 595, 599 (1958).

13.    Now, it is too late—and otherwise insufficient—for Relators to attempt to invoke fraudulent inducement merely through a response to a Rule 12(c) motion.  In terms of Rule 9(b), this theory has not been properly pleaded.  As such, Relators' claims, whether cast under either theory, should be dismissed.

**B.  Non-waiver of Rule 9(b) objections**

14.    Relators raise the meritless contention that Defendants waived their Rule 9(b) objections by not referencing those objections in their answer.  *See* ECF No. 62 pgs. 11-12.  Notably, Relators rely mostly on cases decided outside of the Fifth Circuit for support.  *See id.*

15.   Rule 8, which addresses the general rules of pleading, does not refer to the Rule 9(b) defense as one that must be stated in an answer.  *See* Fed. R. Civ. P. 8(c)(1).  Nor does Rule 12, which addresses in part when and how to present defenses and objections.

16.   To the contrary—and as explained in the Motion—Rule 12(c) allows a party to move for judgment on the pleadings under Rule 12(b)(6), which encompasses a Rule 9(b) defense, after the pleadings are closed.  *See Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015) (citing Fed. R. Civ. P. 12(h)).  A party is not required to raise a Rule 9(b) defense through a responsive pleading prior to filing a Rule 12(c) motion on that basis.  *See id.*; *see also Obazee v. The Bank of New York Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *1 (N.D. Tex. July 31, 2015).

17.   Framing the matter in terms of time limitations, one district court in the Fifth Circuit has explained that no such limits are specified by the Federal Rules of Civil Procedure for bringing a Rule 9(b) motion:

> In the Fifth Circuit, when a party moves to dismiss for failure to allege fraud with sufficient particularity under Rule 9(b), the motion to dismiss is treated as one for failure to state a claim upon which relief can be granted under [Rule] 12(b)(6).  *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir.1993).  Therefore, the time limits applicable to motions to dismiss under Rule 12(b)(6) should apply, and a party may challenge the sufficiency of allegations of fraud ***in any pleading***.  Fed. R. Civ. P. 12(h)(2)(A).

*KeyBank Nat'l Ass'n v. Perkins Rowe Assoc., Inc.*, No. 09-497-JJB-SR, 2010 WL 4942206, at *2 (M.D. La. Nov. 30, 2010) (emphasis added).

18.   Indeed, the Fifth Circuit has held that a defendant does not necessarily waive their right to bring a Rule 9(b) motion by answering the complaint and even engaging in discovery.  *See Hiern v. Sarpy*, No. 94-835, 1995 WL 656694, at *2 (E.D. La. Nov. 6, 1995) (citing *Shushany*, 992 F.2d at 520 n.4).  "[I]t is not the law in [the Fifth Circuit] that the entire concept

6

behind Rule 9(b) is solely to enable the defendant to prepare a responsive pleading." *Shushany*, 992 F.2d at 520 n.4 (brackets, internal quotations, and emphasis omitted). Rule 9(b) is also meant to protect FCA defendants from frivolous allegations of fraud and unwarranted discovery. *See United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185, 190-91 (5th Cir. 2009).

19.     The one case from within the Fifth Circuit relied on by Relators, *United States ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 689 (W.D. Tex. 2007), is distinguishable based on its extreme facts and otherwise non-binding. In *Lam*, a *qui tam* action, the court held that the intervening United States had waived a Rule 9(b) objection by bringing it over four years after the initial complaint was filed, eleven months after a third amended complaint (which contained the allegations relevant to the Rule 9(b) motion), and over one year after the United States' initial decision not to intervene. *Id.* at 697.

20.     Because Defendants timely and promptly filed their motion for judgment on the pleadings, their Rule 9(b) objections have not been waived.

## C.  Failure to plead fraud claims with sufficient particularity

21.     Relators assert that they have pleaded their fraud-based claims with sufficient particularity consistent with the Rule 9(b) standards applicable to FCA cases. *See* ECF No. 62 pgs. 13-18. More specifically, Relators invoke the standard articulated in *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009), whereby an FCA plaintiff-relator is allowed to allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 190.

22.     To summarize, Defendants stand by their arguments that Relators fail to plead their claims with the required Rule 9(b) sufficiency even under the *Grubbs* standard. *See* ECF

No. 57 pgs. 10-13.  For the sake of brevity, the entirety of these prior arguments will not be repeated here.  By way of example, however, the following is noted.

23.     Relators' three spreadsheets of supposedly fraudulent transactions fail to offer any indication as to (i) how each of the identified contracts were fraudulently procured, and (ii) the legal theory behind how those transactions violate the FCA.  *See* ECF Nos. 1-1, 1-2, 1-3.  It is simply impossible to link each of the transactions listed in the spreadsheets to the allegedly fraudulent statements alluded to in the complaint.  The complaint also does not link any of the three causes of action asserted or any legal theories—at least one of which clearly does not apply as discussed above—to any of the spreadsheet transactions.

24.     Relators liken the pleading of these matters to providing details of dollar amounts, billing numbers, or dates, which are not required by the *Grubbs* standard.  *See* ECF No. 62 pg. 14 (citing *Grubbs*, 565 F.3d at 190 ("[A] plaintiff does not necessarily need the exact dollar amounts, billing numbers, or dates to prove to a preponderance that fraudulent bills were actually submitted.  To require these details at pleading is one small step shy of requiring production of actual documentation with the complaint, a level of proof not demanded to win at trial and significantly more than any federal pleading rule contemplates.")).  This comparison, however, is flatly inapposite.  Matters like the bases for and theories behind the transactions at issue are more fundamental and go instead to the very heart of Rule 9(b)'s pleading requirements—the who, what, when, and how of the fraud.

25.     Simply put, Relators have failed to plead their FCA claims in accordance to Rule 9(b)'s sufficiency standards.

**D.  Dismissal with prejudice to re-pleading**

26.     Lastly, Relators contend that they should be allowed to re-plead if their claims are dismissed.  *See* ECF No. 62 pgs. 19-20.  According to Relators, "Defendants argue [that] leave to amend should not be granted because the period set by the Court for filing amended pleadings expired two days before Defendants filed [the Motion]."  *Id.* pg. 19.

27.     Relators misrepresent the basis behind Defendants' request for a dismissal with prejudice.  Defendants pointed to the passing of the amendment deadline to substantiate the timeliness of their Rule 12(c) motion, which requires the pleadings to be closed, and as a circumstance showing that Relators have already pleaded their "best case."  *See* ECF No. 57 pg. 13.  Indeed, where a plaintiff's best case has been pleaded, a district court does not exceed its authority in dismissing a claim with prejudice to re-pleading.  *See Dark v. Potter*, 293 F. App'x 254, 257-58 (5th Cir. 2008) (per curiam).

28.     Notably, through the Opposition, Relators do not intimate at additional facts and circumstances that could be pleaded.  Nor do they attach a proposed amended complaint or state what discovery is needed in order to obtain additional facts.  The best they do is claim that "since the complaint was filed in 2016 additional investigation has been conducted[.]"  *See* ECF No. 62 pg. 19.  Relators provide no indication as to what the "additional investigation" has supposedly revealed.

29.     Because all indications are that Relators' best case has already been pleaded, this case should be dismissed with prejudice.

### III.  CONCLUSION

30.     For these reasons, the Motion should be granted and the complaint dismissed with prejudice.

DATED:  February 14, 2020.

Respectfully submitted,

**SHAW LAW PLLC**

By:  /s/ Ronald J. Shaw
     Ronald J. Shaw
     State Bar No. 18152300
     Email: attorney@shawlawpllc.com
     5150 Broadway, Unit 619
     San Antonio, Texas 78209
     Tel: (210) 227-3737
     Fax: (210) 366-0805

*Counsel for Defendants Main Building Maintenance, Inc., Elvira H. Ximenes, and Robert A. Ximenes*

**DAVIS & SANTOS, P.C.**

By:  /s/ Caroline Newman Small
     Jason M. Davis
     State Bar No. 00793592
     Email: jdavis@dslawpc.com
     Jay Hulings
     State Bar No. 24104573
     Email: jhulings@dslawpc.com
     Caroline Newman Small
     State Bar No. 24056037
     Email: csmall@dslawpc.com
     719 S. Flores Street
     San Antonio, Texas 78204
     Tel: (210) 853-5582
     Fax: (210) 200-8395

*Counsel for Defendants JXM, Inc. and Margaux I. Ximenes*

## **CERTIFICATE OF SERVICE**

I certify that on the 14th day of February 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

 */s/ Caroline Newman Small*

Caroline Newman Small
