**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| ex rel. DANIEL MONTES, JR., and | § | |
| ELIZABETH H. HUDSON, | § | |
| | § | |
| Plaintiffs/Relators | § | |
| | § | Civ. A. No. SA-16-CV-0523-JKP-RBF |
| v. | § | |
| | § | |
| MAIN BUILDING MAINTENANCE, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

## <u>UNITED STATES' STATEMENT OF INTEREST</u>

The United States submits this Statement of Interest under 28 U.S.C. § 517 to address certain overly broad and erroneous contentions made by the defendants in their motion for judgment on the pleadings and reply brief. Most glaringly, the defendants assert that the False Claims Act (FCA) "does not recognize a cause of action for fraudulent participation in" Small Business Administration (SBA) programs. Dkt. 57 at 7. To the contrary, the FCA does recognize such a cause of action, which lies against a defendant who makes false statements to establish eligibility for an SBA program and then bills the government for services under contracts that the defendant was ineligible to receive. An FCA plaintiff may establish the falsity of such claims either under a fraudulent inducement theory or a false certification theory. Indeed, even the cases cited by the defendants recognize that fraudulent participation in an SBA program is actionable under the FCA. Additionally, the defendants' contentions would undermine the policy goal of fostering small businesses. Aside from the legal issues discussed in this brief, the United States takes no position as to the merits of the defendants' motion for judgment on the pleadings.

**ARGUMENT**

**I.    Falsity under the False Claims Act.**

"The False Claims Act is the government's primary litigation tool for recovering losses sustained as the result of fraud." *United States ex rel. Marcy v. Rowan Cos., Inc.*, 520 F.3d 384, 388 (5th Cir. 2008). Courts should interpret the FCA broadly "to reach all types of fraud . . . that might result in financial loss to the Government." *United States v. Neifert-White Co.,* 390 U.S. 228, 232 (1968).

The FCA imposes liability on any person who "(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; [or] (C) conspires to commit a violation" of, *inter alia,* subsections (A) or (B). 31 U.S.C. § 3729(a)(1). Claims may be "false or fraudulent" under the FCA for a variety of reasons, including under theories of (1) false certification and (2) fraudulent inducement. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2001 (2016) (recognizing implied false certification theory); *United States ex rel. Longhi v. Lithium Power Technologies, Inc.* 575 F.3d 458, 467-68 (5th Cir. 2009) (recognizing fraudulent inducement theory).

A claim is false under the false certification theory when a defendant makes a "false representation of compliance with an applicable federal statute, federal regulation, or contractual term" in connection with a claim for payment. *United States v. Sci. Applications Int'l Corp.*, 626 F.3d 1257, 1266 (D.C. Cir. 2010). False certifications can be either "express" or "implied." *United States ex rel. Campbell v. KIC Dev., LLC*, No. EP-18-CV-193-KC, 2019 WL 6884485, at *7 (W.D. Tex. Dec. 10, 2019) (analyzing *Escobar*, 136 S. Ct. at 1999-2003). Under the express false certification theory, a claim is false when a defendant makes an affirmative certification of its

compliance with a law, regulation, or contractual requirement as part of the process through which the claim for payment is submitted.  *See id.*

Under the implied false certification theory, a claim is false even where a defendant does not make an affirmative certification of compliance, but instead fails to disclose violations of a material legal requirement, rendering the claim false by virtue of a misleading omission.  *Id.*  The Supreme Court has affirmed the implied false certification theory at least where "first, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Escobar*, 136 S. Ct. at 2001. "A misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision in order to be actionable under the False Claims Act."  *Id.* at 1996.

Claims may also be false under the FCA "when the contract under which payment is made was procured by fraud.  This type of FCA claim is characterized as fraudulent inducement.  Under a fraudulent inducement theory, although the Defendants' subsequent claims for payment made under the contract were not literally false, because they derived from the original fraudulent misrepresentation, they, too, became actionable false claims."  *Longhi*, 575 F.3d at 467-68 (internal citations, quotation marks, and brackets omitted).  The seminal case on fraudulent inducement is *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 542-43 (1943), where the Supreme Court held that contractors were liable under the FCA for claims submitted under government contracts that the contractors obtained through collusive bidding.

## II.    Fraudulent Participation in Small Business Programs Is Actionable under the FCA.

The defendants maintain, "[I]t has been squarely held that 'false claims' under the FCA do not include making false representations to the SBA to establish eligibility for its programs and

3

then being paid for services actually rendered under contracts procured based on the SBA program eligibility." Dkt. 57 at 2; *see also id.* at 9.  But numerous courts have rejected this position by holding that fraudulent participation in a small business program is actionable under false certification and fraudulent inducement theories.

For example, in *United States ex rel. Tran v. Computer Scis. Corp.*, 53 F. Supp. 3d 104, 122 (D.D.C. 2014), the court held that the complaint adequately pleaded an FCA claim based on implied certification where a prime contractor allegedly bypassed a requirement to subcontract a certain percentage of work to qualified small businesses.  There, the prime contractor periodically submitted claims for payment which the court found were false because the contractor "had failed to adhere to a contractual term—*i.e.,* the requirement that a certain percentage of its contracting be parceled out to small businesses." *Id.*  The complaint also alleged that the contractor knowingly concealed its failure and that "the false certifications were material to the Government's decision to pay the claims." *Id.*  The court further held that the complaint stated a claim for fraudulent inducement because "CSC procured the September 2008 Task Order by fraudulently representing its intention to comply with the Small Business Subcontracting Plan." *Id.* at 130.

Other courts have similarly held that implied false certifications about small business eligibility are actionable under the FCA.  *See United States ex rel. Savage v. Washington Closure Hanford LLC*, No. CV-10-5051-EFS, 2015 WL 5825966, at *11-12 (E.D. Wash. Oct. 6, 2015) (denying motion to dismiss because the government alleged that the defendant made false certifications either expressly or impliedly about the small business status of certain subcontractors and those statements were material to payments made by the government); *United States ex rel. Sansbury v. LB & B Assocs., Inc.*, 58 F. Supp. 3d 37, 57 (D.D.C. 2014) (denying motion to dismiss where the defendants allegedly misrepresented their eligibility for SBA Section 8(A) program);

*United States v. R.J. Zavoral & Sons, Inc.,* 894 F. Supp. 2d 1118, 1125 (D. Minn. 2012) (government sufficiently pleaded implied false certification where "[t]he Government repeatedly assert[ed] that the [Government] would not have continued making payments under the contract had it been aware of Defendants' fraud and failure to comply with the 8(a) requirements [of the SBA]."); *Ab-Tech Const., Inc. v. United States*, 31 Fed. Cl. 429, 434 (1994), *aff'd* 57 F.3d 1084 (Fed. Cir. 1995) (entering judgment for government on FCA claim, where "[t]he payment vouchers represented an implied certification by Ab-Tech of its continuing adherence to the requirements for participation in the 8(a) program. Therefore, by deliberately withholding from SBA knowledge of the prohibited contract arrangement with Pyramid, Ab-Tech not only dishonored the terms of its agreement with that agency but, more importantly, caused the Government to pay out funds in the mistaken belief that it was furthering the aims of the 8(a) program").

Likewise, courts have relied on the fraudulent inducement theory to establish the falsity of claims submitted in violation of SBA requirements or similar requirements. *See Longhi*, 575 F.3d at 472 (affirming summary judgment against defendants, who fraudulently induced the government to award Small Business Innovation Research grant, even though it appeared that defendants "successfully" performed work under the grant); *United States v. R.J. Zavoral & Sons, Inc.,* No. CIV. 12-668 MJD/JJK, 2014 WL 5361991, at *9-11 (D. Minn. Oct. 21, 2014) (denying summary judgment on fraudulent inducement claim where evidence showed that defendant did not consider its ability to comply with agreement, namely Section 8(a) SBA requirements); *United States ex rel. Head v. Kane Co.*, 798 F. Supp. 2d 186, 198-99 (D.D.C. 2011) (allegation that defendant made false representations regarding its compliance with the Small Business Act sufficient to state a claim for fraudulent inducement under the FCA); *see also LW Constr. of Charleston, LLC v. United States*, 139 Fed. Cl. 254, 291 (2018) (granting government leave to

amend to add FCA claim based on misrepresentations about status as a service-disabled veteran-owned small business because the "solicitation ma[de] clear that, but for LW's representation that it was a SDVOSB, the VA would not have considered LW's proposal for the award of the Fort Jackson contract."); *United States ex rel. Williams v. C. Martin Co.*, No. CIV.A. 07-6592, 2012 WL 1565279, at \*4 (E.D. La. May 1, 2012) (denying motion to dismiss FCA claim, where defendants made "false representation" that company qualified as a service-disable veteran-owned small business to receive a government contract, because "[t]he Complaint clearly sets forth sufficient facts to show that . . . Defendants knew that [the claimed owner] was not a service-disabled veteran.").

As these authorities illustrate, the law establishes that fraudulent participation in an SBA program may be actionable under the FCA.  The Court should reject the defendants' contentions to the contrary.

## III.    The Cases Cited by the Defendants Do Not Support their Contention that Fraudulent Participation in Small Business Programs Is Not Actionable Under the FCA.

In their motion for judgment on the pleadings, the defendants rely primarily on two cases (Dkt. 57 at 6-9) in support of their argument that fraudulent participation in the SBA program is not actionable under the FCA.  *See A1 Procurement, LLC v. Thermcor, Inc.*, No. 2:15-CV-00015, 2017 WL 9478501, at \*12, 16-17 (E.D. Va. Apr. 4, 2017), *report and recommendation adopted*, No. 2:15CV15, 2017 WL 2881350 (E.D. Va. July 5, 2017); *United States ex rel. Guzder v. MKM Engineers Inc.*, No. CV H-05-895, 2009 WL 10697670, at \*9 (S.D. Tex. Mar. 3, 2009), *report and recommendation adopted sub nom. United States v. MKM Engineers Inc.*, No. CV H-05-895, 2009 WL 10697686 (S.D. Tex. Mar. 30, 2009).  But neither case supports the defendants' position.

In *Guzder*, the district court adopted a report and recommendation concluding that the relator did not state an FCA claim based on then existing Fifth Circuit law that rejected the implied

false certification theory.  2009 WL 10697670 at *8.  After *Guzder* was decided, the Supreme Court in *Escobar* overruled the Fifth Circuit and recognized the validity of the implied certification theory, and—as noted above—courts have regularly found that plaintiffs adequately pleaded FCA claims related to SBA status based on an implied false certification theory.  *See Escobar*, 136 S. Ct. at 2001.

Moreover, as the relators point out and the defendants concede in their reply brief, *see* Dkt. 63 at 3, the magistrate judge in *Guzder* subsequently recognized that the government could pursue an FCA claim based on misrepresentations of SBA eligibility under a fraudulent inducement theory.  *United States ex rel. Guzder v. MKM Engineers, Inc.*, No. CV H-05-895, 2010 WL 11595351, at *5 (S.D. Tex. Jan. 14, 2010), *report and recommendation adopted*, No. CV H-05-895, 2010 WL 11595361 (S.D. Tex. Mar. 3, 2010).  *Guzder* therefore acknowledges the validity of a fraud in the inducement theory, and to the extent it holds that implied false certification is not a viable theory, it is no longer good law.

In *A1 Procurement*, 2017 WL 9478501, at *12, 16-17, the magistrate judge recommended that the district court grant summary judgment on the relator's implied false certification claim, because the relators could not meet the materiality standard articulated in *Escobar*.  The magistrate judge found that the SBA conducted an investigation into the SBA participant, was aware of the company's conduct, and nevertheless elected to retain the company in the SBA program.  *Id.* at *15-17.  Accordingly, the magistrate concluded that relators in that case could not show that the alleged conduct was material to the government's decision to pay under the standard set forth in *Escobar*.  Critically, however, that report and recommendation was based on the specific facts of that case, as developed in discovery, and the case did not announce a *per se* rule that companies fraudulently executing SBA set aside contracts are shielded from liability under the FCA.

Indeed, in adopting the report and recommendation, the district court squarely rejected the contention that the magistrate judge had made a *per se* rule that an FCA claim could not be based on a defendant's fraudulent behavior to get SBA eligibility:

> The Relator objects that '[t]he Magistrate Judge erred in holding that fraudulent statements on applications and renewal application[s] submitted to gain eligibility to government set-aside programs are not actionable under the FCA.' This objection is meritless. The court finds it necessary to point out that the Magistrate Judge did not make that finding. The Magistrate Judge did, however, conclude that **under these circumstances**, the allegedly false statements made on [the defendant company's] 8(a) renewal applications are not actionable under the FCA.

*A1 Procurement, LLC v. Thermcor, Inc.*, No. 2:15CV15, 2017 WL 2881350, at *3 (E.D. Va. July 5, 2017) (emphasis added) (internal citations omitted).

Here, the defendants make only a conclusory argument in a footnote that the "Relators have failed to sufficiently plead [materiality] with particularity as well." Dkt. 57 at 9 n.3. This argument is likely insufficient as the defendants' own authority indicates. *See United States ex rel. Sullivan v. Atrium Med. Corp.*, No. CV SA-13-CA-244-OLG, 2015 WL 13799759, at *9 (W.D. Tex. June 15, 2015), *report and recommendation adopted*, No. CVSA513CV244OLG, 2015 WL 13799754 (W.D. Tex. July 30, 2015) (rejecting argument "contained in one conclusory footnote containing one case citation, without further analysis"). Regardless, whether relators have adequately pleaded materiality is an issue that the government does not address in this brief.[1]

---

[1] The other cases cited by the defendants (Dkt. 63 at 5) are inapposite. *See United States v. McNinch*, 356 U.S. 595, 599 (1958) ("From the language of that Act . . . and the available legislative history we are led to the conclusion that an application for credit insurance does not fairly come within the scope that Congress intended the Act to have."); *Campbell*, 2019 WL 6884485, at *9 (government sufficiently pled implied false certification theory); *Atrium*, 2015 WL 13799759, at *17 (recommending dismissal of certain claims on a theory of fraud on the FDA and based on off-label marketing).

The defendants' cases do not support their proposed *per se* rule.  Indeed, the very cases they rely on show that false statements to establish eligibility for an SBA program and subsequent submission of claims under small business contracts can be actionable under the FCA.

**IV.   The Defendants' *Per Se* Rule Would Categorically Prevent the Government from Seeking Redress for Fraud on Small Business Programs through FCA Enforcement.**

The Court should reject the defendants' *per se* rule for an additional reason.  Such a rule undermines Congress' stated policy goal that it is in the best interest of the American economy to encourage small businesses to develop and grow by gaining access to a fair proportion of federal procurement contracts.  *See* 15 U.S.C. § 631(a) (the SBA's Section 8(a) program is intended to "aid, counsel, assist, and protect, insofar as is possible, the interests of small-business concerns . . . ."); *see also id.* § 631(f)(2)(A).  Under the defendants' logic, a government contractor could misrepresent itself as a small business, obtain contracts that are set aside for eligible small businesses under the SBA programs, and receive payments under those contracts.  But yet the government would not be able to bring suit under the FCA based upon the initial false statements to the government.  The government cannot allow contractors to make false representations underlying the foundation of the government's small business procurement programs with impunity.  *See United States v. Luce*, 873 F.3d 999, 1009 (7th Cir. 2017) ("[T]he false . . . certifications simply were not 'minor or insubstantial' violations," but "were lies that addressed a foundational part of the Government's mortgage insurance regime" to prevent "risk posed by unscrupulous loan originators." (*quoting Escobar*, 136 S. Ct. at 2003)).

## CONCLUSION

The United States requests the Court consider this Statement of Interest as it takes the defendants' motion for judgment on the pleadings under advisement.

Dated:  February 27, 2020                           Respectfully submitted,

                                                    JOHN F. BASH
                                                    United States Attorney

                                          By:       */s/ John M. Deck*
                                                    JOHN M. DECK
                                                    Assistant United States Attorney
                                                    Texas Bar No. 24074120
                                                    601 N.W. Loop 410, Suite 600
                                                    San Antonio, Texas 78216
                                                    Tel: (210) 384-7388
                                                    Fax: (210) 384-7322
                                                    Email: john.deck@usdoj.gov

                                                    *Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2020, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Thomas M. Greene
Michael Tabb
Ryan P. Morrison
Tucker D. Greene
Greene LLP
One Liberty Square, Suite 1200
Boston MA 02109

Charles S. Siegel
Caitlyn E. Silhan
Waters & Kraus, LLP
3219 McKinney Avenue
Dallas TX 75204

Caroline N. Small
Jason M. Davis
Jay Hulings
Davis & Santos, P.C.
719 S. Flores Street
San Antonio TX 78204

Ronald J. Shaw
Shaw Law PLLC
5150 Broadway, Unit 619
San Antonio TX 78209

*/s/ John M. Deck*
John M. Deck
Assistant United States Attorney