UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA
*ex rel.* DANIEL MONTES, JR. and
ELIZABETH H. HUDSON,

      Plaintiffs-Relators,

v.                                                                                    No. 5:16-CV-0523-JKP-RBF

MAIN BUILDING MAINTENANCE,
INC., JXM, INC., ROBERT A.
XIMENES, ELVIRA H. XIMENES, and
MARGAUX I. XIMENES,

      Defendants.

## ORDER

This matter is before the Court on *Defendants' Motion for Judgment on the Pleadings* (ECF No. 57). Relators Daniel Montes and Elizabeth Hudson ("Relators") responded and Defendants' replied (ECF Nos. 62, 63). The United States of America (the "Government") filed a *Statement of Interest* to which Defendants' replied (ECF Nos. 64, 65). Having reviewed the pending motion, the responses and replies thereto, the applicable law, and the record as a whole, the Court grants Defendants' motion, dismissing the complaint without prejudice. Because there has been no amendment and any potential impact to the scheduling order by allowing Relators to amend the complaint will be minimal, Relators may amend no later than April 30, 2020.[1]

Relators initiated this False Claims Act ("FCA") qui tam action on June 8, 2016, alleging Defendants made false statements to the Small Business Administration ("SBA") in order to remain eligible—after their eligibility expired—for contracts under the Section 8(a), Mentor-

---

[1] *See* ECF No. 53, entered November 11, 2019, setting a discovery deadline of July 6, 2020, and the dispositive motions deadline on Aug. 20, 2020. *See also* Order, entered April 8, 2020, staying scheduling order deadlines until otherwise ordered by the Court.

Protégé, and HUBZone programs and later, leveraging fraudulently-gained certification to obtain contracts with a variety of federal agencies. ECF No. 1. On March 19, 2019, the Government declined to intervene. ECF No. 24. The complaint was unsealed and the case reopened on June 3, 2019. ECF No. 25. Defendants answered the complaint on September 16, 2019 and filed their motion for judgment on the pleadings on January 10, 2020. ECF Nos. 39, 57.

## I. LEGAL STANDARDS

### A. Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is reviewed using the same standard employed when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citations omitted). When presented with a motion to dismiss under Rule 12(b)(6), a court generally "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *United States v. Bollinger Shipyards Inc.*, 775 F.3d 255, 257 (5th Cir. 2014) (internal citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id*. Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id*. at 679. Where a plaintiff's factual allegations do not provide enough information to "nudge[ ] a claim across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

**B. Rule 9(b)**

Rule 9(b) states that when a party is alleging fraud or mistake, it "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). What constitutes "particularity" for the purposes of Rule 9(b) "will necessarily differ with the facts of each case." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)). Rule 9(b) generally requires the plaintiff to allege "the particulars of time, place, and contents of the false representation, as well as the identity of the person making the misrepresentations and what he obtained thereby." *Id*. (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

**C. False Claims Act**

A person who "knowingly presents or causes to be presented, a false or fraudulent claim for payment or approval . . . [or] knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government" is subject to civil liability. 31 U.S.C. § 3729(a)(1-2), *amended by* 31 U.S.C. § 3729(a)(1)(A-B). "In determining whether liability attaches under the FCA, this court asks '(1) whether there was a false statement or fraudulent course of conduct; (2) made . . . with . . . scienter; (3) that was material; and (4) that caused the government to pay out money.'" *United States v. Hodge*, 933 F.3d 468, 473 (5th Cir. 2019) (quoting *United States ex rel. Harman v. Trinity Indus. Inc.*, 872 F.3d 645, 653-54 (5th Cir. 2017) (quoting *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 475 (5th Cir. 2012))).

## II. FACTUAL ALLEGATIONS

Taken as true and viewed in the light most favorable to them, Relators' complaint alleges the following. Robert and Elvira Ximenes (the "Ximenes" or "Robert and Elvira") operated Main Building Maintenance ("MBM"), a provider of "janitorial, flooring, landscaping, and other support services, primarily on federal procurement contracts at Air Force bases." ECF No. 1 at 2-3. MBM was incorporated in 1982, was certified for the SBA's Section 8(a) program in 1989, graduated from the Section 8(a) program and certified as a Small Disadvantaged Business in 1998, and exited that program in 2001. *Id*. at 19. In 1994, Robert Ximenes incorporated JXM. *Id*. at 20. By May 2001, the Ximenes's adult daughter, Margaux, was President of JXM. *Id*. In its applications for SBA programs and certifications, JXM falsely represented that Margaux exercised control over JXM and that no one involved with running JXM had previously controlled a Section 8(a) business, when in fact JXM was co-located with MBM, Robert and Elvira ran the day-to-day operations of both companies, and Margaux had no training in the business operations of JXM or MBM, only going to the office to sign papers. *Id*. at 21-22. Following JXM's graduation from SBA programs in 2010, the Ximenes's continued to bid on and receive contracts as qualified small businesses by forming joint ventures. *Id*. at 24. These joint ventures were in reality offshoots of the large organization the Ximenes's had built over 20 years in business. *Id*. In 2012, the SBA certified JXM as a Historically Underutilized Business Zone ("HUBZone") business based on the Ximenes's false representations that JXM qualified as a small business and 35 percent of its employees resided in HUBZone areas. *Id*. at 24-25. The Ximenes's false statements extended to other government agencies that awarded JXM and MBM contracts based on the false representations that the concerns were certified small businesses. *Id*. at 25-26. "Defendants were paid at least $143,187,652 in base value and exercised options on

wrongfully-obtained federal procurement contracts between October 2007 and January 2016." *Id.* at 27.

## III. DISCUSSION

Defendants' move for judgment on the pleadings upon two bases: (1) the fraudulent conduct alleged is not actionable under the FCA and (2) the allegations in Relators' complaint fail to meet Rule 9(b)'s particularity requirements. ECF No. 57 at 6-13.

### A. Qualifying FCA Claims

Defendants contend that false representations to the SBA during the application, enrollment, and renewal process are not actionable under the FCA. ECF No. 57 at 6. The Government's Statement of Interest notes that courts have recognized FCA claims under theories of (1) false certification and (2) fraudulent inducement. ECF No. 64.

Under a false certification theory, "a defendant makes representations in submitting a claim but omits its violations of statutory, regulatory, or contractual requirements, those omissions can be a basis for liability if they render the defendant's representations misleading with respect to the goods or services provided." *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1999 (2016). "Under a fraudulent inducement theory, although the Defendants' 'subsequent claims for payment made under the contract were not literally false, [because] they derived from the original fraudulent misrepresentation, they, too, became actionable false claims.'" *Longhi*, 575 F.3d at 468.

In their reply to the Government's statement of interest, Defendants walk-back their argument that false representations to the SBA during the application, enrollment, and renewal process are not actionable under the FCA, stating that while false certification and fraudulent inducement theories are cognizable under the FCA, Relators nonetheless failed to plead any

5

alleged claim "with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure." ECF No. 65 at 2.

**B. Particularity**

Defendants contend Relators' allegations fall short of Rule 9's "who, what, when, where, and how" pleading requirements. ECF No. 57 at 10. Specifically, Defendants argue the Relators allegations are all conclusory and, for each alleged false representation, fail to identify what was the misrepresentation, on what date it was made, who made it, and how it was made. *Id*. The Court agrees that the factual allegations in Relator's complaint are insufficient to state a plausible claim for relief.

Taken as true and construed in the light most favorable to them, the allegations in the complaint show only a possibility that the Defendants made fraudulent representations to the SBA in order to benefit from SBA programs long after their eligibility expired. Thus, Relators' complaint lacks sufficient detail to proceed beyond this stage of the proceedings and is subject to dismissal. While, at this stage, the Court does not require elaborate detail for each and every act the Defendants allegedly took in furtherance of their scheme to defraud the SBA; a plaintiff's factual allegations must be sufficiently detailed to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The general rule in the Fifth Circuit is to allow a plaintiff at least one opportunity to amend before dismissing a complaint with prejudice at the motion to dismiss stage. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."). *See also United States ex rel. Bennett v. Boston Sci. Corp.*, No. H-07-2467, 2011 U.S. Dist.

LEXIS 34745, at *115 (S.D. Tex. Mar. 31, 2011) (dismissing FCA complaint and granting leave to amend). Therefore, the Court will grant the Relators an opportunity to amend. Noting that any amended complaint should stand alone without referencing the prior complaint or any other pleadings filed in this action.

## IV. CONCLUSION

Upon the foregoing, the Court GRANTS *Defendants' Motion for Judgment on the Pleadings* (ECF No. 57) and the complaint is DISMISSED WITHOUT PREJUDICE. Relators may amend their complaint by **April 30, 2020**. If Relators fail to do so, their claims will be dismissed with prejudice.

It is so ORDERED.

SIGNED this 9th day of April 2020.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE