**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *ex rel.* **DANIEL MONTES, JR.** and | § | |
| **ELIZABETH H. HUDSON,** | § | |
| | § | |
| **Plaintiffs-Relators,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:16-CV-523-JKP** |
| | § | |
| **MAIN BUILDING** | § | |
| **MAINTENANCE, INC., JXM,** | § | |
| **INC., ROBERT A. XIMENES,** | § | |
| **ELVIRA H. XIMENES,** and | § | |
| **MARGAUX I. XIMENES,** | § | |
| | § | |
| **Defendants.** | | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
DANIEL MONTES' MOTION TO INTERVENE [ECF NO. 116]**

TO THE HONORABLE COURT:

Defendants Main Building Maintenance, Inc. and JXM, Inc., Robert A. Ximenes, Elvira H. Ximenes, and Margaux I. Ximenes file this Response in Opposition to Daniel Montes' Motion to Intervene [ECF No. 116], and in support would respectfully show:

## I.    INTRODUCTION

1.    After dismissing all of his claims with prejudice, ex-Relator Daniel Montes, Jr. filed a *pro se* motion to intervene in this suit to "unseal" certain Attorneys Eyes Only information produced by Defendants and provide it to the United States Senate Committee of the Judiciary and the public at large.

2.    As a registered vexatious litigant in Texas, Montes is subject to certain restrictions against *pro se* filings. His latest motion violates those restrictions and should be

denied on that basis alone. Montes should also be ordered to show cause why he should not be held in contempt of court. Even assuming his filing were proper and permitted, as a Texas vexatious litigant, Montes must post sufficient security in order to have his motion heard.

3.        Should the Court reach the merits of Montes' motion, it should be denied. Montes fails to address the standards under Rule 24 of the Federal Rules of Civil Procedure for permissive intervention, much less carry his burden, and he fails to establish grounds to release to the public discovery materials subject to an ongoing protective order.

## II.        PROCEDURAL HISTORY

### A.  The Court enters an agreed protective order.

4.        Daniel Montes, Jr. and his mother, Elizabeth Hudson, are both registered vexatious litigants with the Texas judiciary and prohibited from filing *pro se* lawsuits in this state. To file this lawsuit without running afoul of their filing restrictions, Relators hired competent and able counsel out of Boston, Massachusetts who specialize in qui tam actions.

5.        At the outset of the case, Relators stipulated and agreed to the Western District's standard protective order. *See* ECF No. 50. The parties advised the Court that they "have agreed on all matters addressed below except as explicitly marked." *Id.*, p. 1.

6.        The parties also agreed to the form and requested entry of a protective order attached to the joint filing. *See id.*, p.6 & Ex B. Notably, the requested form of order was identical to the Western District of Texas standard protective order.[1] On November 8, 2019, and "pursuant to the parties' request," the Court signed and entered the agreed order (the "Agreed Order"). *See* ECF No. 52, p. 10.

---

[1]  At the time the parties filed the Agreed Order, the Local Rules contained only one standard protective order (Appendix H). Since then, the Local Rules have been amended and they now contain a form for standard cases (Appendix H-1) and a form for more complex cases (Appendix H-2). The Agreed Order in this case mirrors what is now Appendix H-2.

**B. The parties conduct discovery pursuant to the Agreed Order.**

7.     Throughout the entire discovery process, Defendants and third-party deponents relied on and invoked the protections of the Agreed Order.

8.     For example, Defendants made document productions and designated certain materials as Attorneys Eyes Only under the Agreed Order. *See* Exhibits A—I. Defendants also designated certain written discovery as Attorneys Eyes Only, as permitted by the Agreed Order. *Relators did not challenge any of these designations*. In 2022, the parties conducted depositions.[2] The depositions of Defendants Margaux Ximenes and Robert Ximenes, and third-party witnesses John Ximenes and Peter Morey were designated Attorneys Eyes Only. *See* Exhibits J—L. *Relators never challenged these designations either*.

**C. Montes voluntarily dismisses his claim with prejudice, and the remaining parties settle.**

9.     Montes voluntarily dismissed his claims with prejudice, and Defendants settled the remaining claims with Hudson. That settlement is pending approval by the United States who, although it declined to intervene in this case, nevertheless retains settlement authority.[3] *See* 31 U.S.C. § 3730(b)(1). Meanwhile, this case has been administratively closed.

10.     Montes, now attempting to wedge himself back into this litigation, effectively asks the Court to unwind the Agreed Order that was invoked and relied upon by the parties throughout the litigation. Notably, Montes stands alone in his request. Neither Hudson nor the United States has joined Montes' request.

---

[2] Although Montes' motion requests that Relators' depositions be "unsealed," they were not designated under the Agreed Order. Defendants therefore do not address that request in this response.
[3] Montes appears to request that the settlement agreement itself be "unsealed" and released to the public. However, there is no settlement agreement or formal settlement documents at this time because the parties are awaiting government approval to finalize formal settlement documentation. Therefore, Defendants do not address Montes' request to "unseal" a document that does not exist.

### III.   DENIAL UNDER VEXATIOUS LITIGANT STATUTE;
### ALTERNATIVE REQUEST FOR MONTES TO POST SECURITY

11.     As a preliminary matter, it appears that Montes is intentionally violating, or at a minimum carefully circumventing, the filing restrictions he is under by virtue of his vexatious litigant status.[4] This alone warrants denial of his motion. But if the Court decides to hear the motion, it should require Montes to first post sufficient security.

12.     Three Texas courts have declared Montes a vexatious litigant under Chapter 11 of the Texas Civil Practices and Remedies Code (the "Code"). *See* Exhibits M—O. The Code prohibits vexatious litigants "from filing, pro se, a new litigation in a court to which the order applies." Tex. Civ. Prac. Rem. Code § 11.101(a). "Litigation" is defined to mean "a civil action commenced, maintained or pending in any state or federal court." *Id.* § 11.001(2).

13.     United States District Judge Sam Sparks also barred Montes from filing "any lawsuit in the Austin Division of the Western District of Texas without permission of a United States District Judge sitting in the Western District of Texas or the United States Court of Appeals for the Fifth Circuit." *See* Exhibit P.

14.     The Code and Judge Sparks' order plainly would have prohibited Montes from filing this lawsuit without an attorney (or absent permission). Montes is trying to circumvent those restrictions by filing this frivolous, *pro se* motion to intervene.

15.     Allowing a registered offender to file a *pro se* motion after discharging his counsel thwarts the purpose and policy of the vexatious litigant statutory scheme. *See Drake v. Andrews*, 294 S.W.3d 370, 373 (Tex. App.—Dallas 2009, pet. denied) (recognizing the

---

[4]  The Office of Court Administration for the State of Texas is required to maintain and post a list of vexatious litigants on its website. *See* Tex. Civ. Prac. & Rem. Code § 11.104(b). The list confirms that Montes (and Hudson) are registered vexatious litigants and remain the subjects of pre-filing injunctions: https://www.txcourts.gov/judicial-data/vexatious-litigants (last visited October 20, 2022).

legislature's intent in enacting Chapter 11 was to strike a balance between the right to access the court system "against the public's interest in protecting defendants from individuals who abuse that system").[5] Because Montes filed his motion *pro se* and without prior permission, the Court should deny it and issue an order requiring Montes to show cause why he should not be held in contempt of court. *See Dunsmore*, 2022 WL 1653183, at *3 (dismissing vexatious litigant's complaint with prejudice when filed in violation of Chapter 11 of the Code).[6]

## IV.   INTERVENTION SHOULD BE DENIED

16.     Even if the Court considers Montes' request to intervene, it should exercise its broad discretion to deny it on the merits. *See St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 973 (5th Cir. 2019).

17.     Although nonparties may seek intervention for the limited purpose of gaining access to documents subject to a protective order, they must still establish "a claim or defense that shares with the main action a common question of law or fact" to intervene. Fed. R. Civ. P. 24(b)(1)(B); *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006). Importantly, the Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *See* Fed. R. Civ. P. 24(b)(3); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005).

18.     First, Montes cannot establish a common claim because he voluntarily dismissed all of his claims <u>*with prejudice*</u>. *See Lafarge N. Am., Inc.*, 914 F.3d at 974 (denying

---

[5] *See also Dunsmore v. Barchak*, No. 3:21-CV-0020, 2022 WL 1653183, at *3 (S.D. Tex. May 11, 2022); *Hernandez v. Hernandez*, 621 S.W.3d 767, 777 (Tex. App.—El Paso 2021, no pet.); *Estate of Pandozy*, 634 S.W.3d 288, 290 (Tex. App.—Texarkana 2021, no pet.); *Leonard v. Abbott*, 171 S.W.3d 451, 455 (Tex. App.—Austin 2005, pet. denied).

[6] This would not be the first time Montes violated the pre-filing injunction. Montes previously filed *pro se* lawsuits on a least three occasions without obtaining prior permissions as required by section 11.102 of the Code. Those suits were all dismissed. *See* <u>Exhibits Q—T</u>.

intervention to withdrawn attorney). To the extent Montes claims to have a financial interest in the outcome of the suit,[7] his interests are adequately protected by Hudson, who asserts the same claims Montes dismissed. *See U.S. E.E.O.C. v. Wellpath LLC*, No. 5:20-CV-1092-DAE, 2021 WL 4096556, at *2 (W.D. Tex. Mar. 15, 2021) ("In acting on a request for permissive intervention, it is proper to consider, among other things, whether the intervenors' interests are adequately represented by other parties."). Further, the United States (who has been provided with all depositions and discovery) can adequately represent Montes' alleged need to disclose information to the Senate.

19.     Second, Montes' *pro se* intervention will cause significant prejudice. The motion is designed to blow up the parties' pending settlement, and Montes all but admits as much. *E.g.*, ECF No. 116, p. 3 ("Movant is opposed to the settlement agreement as being unfair and unreasonable to the United States."). Allowing Montes' *pro se* intervention will jeopardize the pending settlement and cause the parties to spend additional time and expense responding to his frivolous conduct.

20.     Because Montes did not attempt to address Rule 24's criteria, much less carry his burden to justify permissive intervention, the Court should deny the motion to intervene.

## V.     THE AGREED ORDER SHOULD NOT BE MODIFIED

21.     Even if the Court considers Montes' motion, it should deny it because Montes has failed to carry his burden to modify the Agreed Order or otherwise release the Attorneys Eyes Only material to him or any other member of the public.[8] In determining whether to

---

[7] Montes has alleged that he has an agreement with his mother to split a portion of any proceeds. *See* ECF No. 116, p. 4 (stating he has "an executed contract to split the relator award with Mrs. Elizabeth H. Hudson").

[8] Montes devotes significant briefing to the standard for "unsealing" records in federal court and under Rule 76a of the Texas Rules of Civil Procedure. Neither of these standards apply because the discovery materials at issue have not been sealed.

modify a protective order, courts consider four factors, each of which is addressed in turn. *Peoples v. Aldine Indep. Sch. Dist.*, No. CIV. A. 06-2818, 2008 WL 2571900, at *2 (S.D. Tex. June 19, 2008).

### A. The nature of the protective order

22.     The Agreed Order was stipulated by all parties, including Montes. Montes was represented by competent and skilled counsel at the time, and he makes no allegation that he was ill-advised or under any undue influence. Montes admits that he freely and voluntarily agreed to the order. *See* ECF No. 116, p. 2. Further, the Agreed Order is identical to the form approved by the Western District of Texas and incorporated into its local rules. Local Rule CV-26(c). Accordingly, this first factor weighs heavily against modification. *Peoples*, 2008 WL 2571900, at *2 ("A party's prior consent to the protective order will weigh against its motion for modification.").[9]

### B. Foreseeability

23.     Foreseeability is a question of "whether the need for modification of the order was foreseeable at the time the parties negotiated the original stipulated protective order." *Peoples*, 2008 WL 2571900, at *2. A party's oversight when negotiating a protective order concerning a matter that should have been reasonably foreseeable at the time of the agreement is not good cause. *Id.*

24.     Here, Montes seeks discovery materials he knew might be designated as Attorneys Eyes Only since the Court entered the Agreed Order in November 2019. Montes was notified over a dozen times since then that his access to certain discovery materials would

---

[9] *Accord Rogers v. Tallahatchie Gourmet, L.L.C.,* No. 3:19-CV-142-GHD-JMV, 2022 WL 817310, at *4 (N.D. Miss. Mar. 16, 2022) (same); *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, L.L.C.*, No. CV 17-405-JWD-RLB, 2020 WL 10641896, at *3 (M.D. La. Dec. 10, 2020) (same); *United States v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 WL 278968, at *3 (E.D. Tex. Jan. 22, 2016) (same).

be restricted when Defendants made their designations under the Agreed Order. *See* Exs. A—M. Although Montes now states he needs to provide the discovery materials to the public and the United States Senate to expose Defendants' alleged fraud and how the government is being "RIPPED OFF," *see* ECF No. 116, p. 1-3, 21-24, he has been taking this stance since long before he even filed suit—including in probate litigation with Defendants. *Compare id. with* ECF No. 71-22, 71-23, 71-24 (Exs. V, W, and X) (emails from Montes to Defendants in 2016 bragging about having blown the whistle to expose Defendants' alleged fraud).

25.     This factor weighs heavily against modification. *See Ocwen Loan Servicing, LLC*, 2016 WL 278968, at *3 ("Relators seek a modification to the Protective Order so that they can review the evidence obtained in the litigation. The Court finds that this desire was foreseeable to Relators at the time that they negotiated and agreed to the Protective Order with Defendants."); *Rogers*, 2022 WL 817310, at *4 (stating that foreseeability weighed against modification where documents were sought for use in criminal case that was already pending at the time the protective order was entered).

### C. Reliance

26.     This factor focuses on "the extent to which a party resisting modification relied on the protective order in affording access to discovered materials." *Rogers*, 2022 WL 817310, at *4. Courts have found it "presumptively unfair" to modify protective orders that assure confidentiality and upon which the parties have reasonably relied. *Id*.

27.     Here, Defendants relied heavily on the Agreed Order to ensure that certain discovery materials were never disclosed to the general public, and specifically not to Montes. The discovery materials concern sensitive technical and pricing information, financial information, company strategies, and other sensitive information. Defendants would not have

produced the unredacted information absent the Agreed Order. Defendants also relied on the parties' continuing obligations under the Agreed Order when agreeing to the settlement. *See* ECF No. 52, p. 9 (stating that the "provisions shall continue to be binding after the conclusion of this litigation").

28.     Importantly, Montes does not dispute that the information properly qualifies as Attorneys Eyes Only under the Agreed Order. Instead, he argues that despite its sensitive nature it should be publicly disclosed. Defendants relied on the Agreed Order to prevent precisely this result. *See Bob Daemmrich Photography, Inc. v. Scholastic Inc.*, No. 1:15-CV-1150-RP, 2018 WL 4178325, at *2 (W.D. Tex. Apr. 23, 2018) ("Menzel is asking the Court to permit him to see and use information that Scholastic agreed to produce for use only in this litigation."). This factor, therefore, weighs heavily against modification. *See id.*[10]

### D. Good cause

29.     Good cause, the most important factor, requires a showing of "changed circumstances warranting modification." *Peoples*, 2008 WL 2571900, at *2. To demonstrate good cause, the movant must present "a specific demonstration of fact rather than mere conclusory statements." *Ocwen Loan Servicing, LLC*, 2016 WL 278968, at *4.

30.     Montes does not allege changed circumstances, nor are there any. Montes' position about the public's "right to know" has not changed since 2016, when he decided to

---

[10] *See also Rogers*, 2022 WL 817310, at *4 ("Rogers certainly asserts he relied on the subject PO in giving access to medical files. This factor weighs against the modification request."); *Ocwen Loan Servicing, LLC*, 2016 WL 278968, at *3 ("The Court finds that because Defendants relied on the Protective Order when producing documents to Relators, the third factor weighs against modification of the Protective Order."); *Washington-St. Tammany Elec. Coop.*, 2020 WL 10641896, at *3 ("That the Customer Cooperatives may seek a 'similar protective order in the state court proceeding' merely underscores that the state court has its own mechanisms for limiting the disclosure of confidential information under state court rules. This factor weighs against allowing modification.").

"blow the whistle" on Defendants in order to gain leverage in the ongoing probate battle. *See* ECF No. 71-22, Ex. X. This factor, like all of the others, weighs heavily against modification.

## VI.    CONCLUSION

31.    Montes' motion should be denied for any of the following independent reasons: (a) the motion itself was a violation of the pre-filing injunction contained in Chapter 11 of the Code and imposed on Montes by virtue of his vexatious litigant status; (b) Montes did not carry his burden to permissively intervene in this case because he has dismissed his claims and his intervention would prejudice the rights of the remaining parties; and (c) Montes did not establish good cause to modify the Agreed Order. Montes' request for electronic filing permission should also be denied. Defendants request that Montes' motion be denied in its entirety, and for any and all other relief to which they may be entitled at law or equity.

DATED:  October 20, 2022.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By:  */s/ Caroline Newman Small*
     Jason M. Davis
     State Bar No. 00793592
     Email: *jdavis@dslawpc.com*
     Jay Hulings
     State Bar No. 24104573
     Email: *jhulings@dslawpc.com*
     Caroline Newman Small
     State Bar No. 24056037
     Email: *csmall@dslawpc.com*
     719 S. Flores Street
     San Antonio, Texas 78204
     Tel: (210) 853-5582
     Fax: (210) 200-8395
     ***Counsel for Defendants JXM, Inc. and Margaux I. Ximenes***

**SHAW LAW PLLC**

By:   _/s/ Ronald J. Shaw_             
Ronald J. Shaw
State Bar No. 18152300
Email: _attorney@shawlawpllc.com_
5150 Broadway, Unit 619
San Antonio, Texas 78209
Tel: (210) 227-3737
Fax: (210) 366-0805
**_Counsel for Defendants Main Building Maintenance, Inc., Elvira H. Ximenes, and Robert A. Ximenes_**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the October 20, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy as follows:

| | | |
|---|---|---|
| Mr. Thomas M. Greene | _____ | Hand Delivery |
| Mr. Michael Tabb | _____ | Regular Mail |
| Mr. Ryan P. Morrison | _____ | Certified Mail/RRR |
| Mr. Tucker D. Greene | _____ | Facsimile |
| GREENE LLP | _____ | E-mail |
| One Liberty Square, Suite 1200 | ___X___ | ECF |
| Boston, Massachusetts 02109 | | |

*E-mail:* tgreene@greenellp.com
*E-mail:* matabb@greenellp.com
*E-mail:* rmorrison@greenellp.com
*E-mail:* tucker.greene@greenellp.com

***Counsel for Relator***

| | | |
|---|---|---|
| Mr. Charles S. Siegel | _____ | Hand Delivery |
| Ms. Caitlyn E. Silhan | _____ | Regular Mail |
| WATERS & KRAUSE, LLP | _____ | Certified Mail/RRR |
| 3219 McKinney Avenue | _____ | Facsimile |
| Dallas, Texas 75204 | _____ | E-mail |
| *E-mail:* siegel@waterskraus.com | ___X___ | ECF |
| *E-mail:* csilhan@waterskraus.com | | |

***Counsel for Relator***

| | | |
|---|---|---|
| Mr. Daniel Montes, Jr. | _____ | Hand Delivery |
| 1745 Megan | _____ | Regular Mail |
| Donna, Texas 78537 | _____ | Certified Mail/RRR |
| *E-mail:* ejiditarios@gmail.com | _____ | Facsimile |
| | ___X___ | E-mail |
| ***Ex-Relator*** | _____ | ECF |

*/s/ Caroline Newman Small*
Caroline Newman Small